JOHN H. B. LATROBE, TRUSTEE,
vs.
THOMAS T. HERBERT ET AL.

MARCH TERM, 1851.

[EXCEPTIONS TO TRUSTEE'S SALES.]

WHEN a trustee deviates from the terms of the decree, objections to the ratification of the sale will be allowed to prevail, which would be disregarded if urged against a sale in conformity with the decree; and no deviation is more obnoxious to objection than selling at private sale when the decree directs a public sale.

The trustee is the mere agent of the Court, and if he does not conform to the authority delegated to him, it is for the Court to say whether it will ratify his acts as such agent.

His instructions are contained in the decree, open to the inspection of all parties, and if he does not follow them, no one dealing with him has a right to complain if the Court should refuse to ratify his acts.

After he has put the property in market agreeably to the terms of the decree, and has failed to get an acceptable bid, he may sell at private sale, and if no objection be made, the Court will, after notice in the usual way, ratify the sale.

Objections merely capricious or arbitrary to such a private sale will not be allowed, but it is open to objections which would not prevail against a public sale.

The decree directed a public sale, and after one ineffectual effort to sell at such sale, the trustee sold the property at private sale at $17 per acre. It was proved that this sale was the result of a misunderstanding between the trustee and the mortgagor, whom the former had consulted and advised with in relation to the sale, and that $20 per acre could then and now be had for the property. HELD—

That the sale ought not to be ratified.

Inadequacy of price is a stronger objection to a private sale than to a public one, when the decree directs the latter; and though the inadequacy in this case might not be sufficient, *per se*, to set the sale aside, yet this, added to the misunderstanding between the trustee and the mortgagor, is sufficient to defeat it.

[The facts of this case are stated in the Chancellor's opinion.]

THE CHANCELLOR:

This case is brought before the Court upon exceptions to

the sale reported by the trustee, and I have read and reflected carefully upon the facts and circumstances connected with it, after listening attentively to the arguments of counsel.

The decree, which is in common form, directs the property to be sold publicly, after giving three weeks' notice by advertisement in newspapers, of the time, place, manner, and terms of sale, and the trustee's report shows that one effort was made to sell in the manner and according to the terms of the decree. This attempt, which was made on the 11th of February last, was ineffectual, no one present offering to give $17 per acre for the property, that being the price which the trustee and Thomas T. Herbert, the tenant for life of the mortgaged premises, would at that time have been willing to take for it. After this, to wit, on the 18th of March following, a private sale was made to Mr. Richard Davis, at $17 per acre, and this sale being objected to by Mr. Herbert, in his own behalf, and as the next friend of his infant children, tenants in remainder in fee of the mortgaged premises, the question is, shall it be ratified by this Court ?

It appears by the exceptions, and by the answer of Mr. Latrobe, the trustee, to the exceptions, that in all matters relating to the sale, the latter advised with and consulted Dr. Herbert, and it is also alleged in the exceptions, that after the unsuccessful effort to sell at public sale on the 11th of February, it was understood by the exceptant that no disposition should be made of the property by the trustee, without previous notice to the former, the exceptant then expecting to dispose of the property at $25 per acre, and that about the 1st of March he received from a responsible party an offer of $20 per acre, which the same party is now willing to give. That the exceptant did not communicate this offer to the trustee, because he supposed that, according to the understanding between them, the trustee would make no disposition of the land without previous notice to him.

The exceptions, which are verified by the affidavit of the exceptant, contain other matters which I do not consider it necessary to notice. The only matter of fact contained in

the exceptions, which is not admitted in the answer of the trustee, relates to the statement in regard to the understanding between him and Dr. Herbert, prior to the sale to Mr. Davis. The trustee says, " that when he parted from said Herbert at the last interview which he had with him prior to the sale to the said Davis, he did not understand that no sale was to be made by him, without further conference or communication with said Herbert." " Something was said about a future sale at such interview, but the trustee understood it to refer to a public sale, the time for which was to be a matter of consultation with said Herbert," and the trustee regrets the misunderstanding between himself and said Herbert.

Evidence has been taken under an order, and it very clearly appears that at least $20 per acre could have been obtained for the property, and there is the strongest ground for believing that that price could now be had.

When the trustee deviates from the terms of sale prescribed by the decree, there can be no sort of doubt that objections to its ratification will be allowed to prevail, which, if urged against a sale made in conformity with the terms, would be disregarded, and perhaps no deviation could render a sale more obnoxious to objection than selling at private when the decree directs a public sale.

When a sale is made in all respects according to the terms of the decree, and neither fraud, mistake, or misrepresentation can be alleged against it, the faith of the Court is pledged to ratify and perfect it, but when the terms are departed from, there cannot possibly be any sort of obligation on the part of the Court to sanction it. The trustee is the mere agent of the Court, and if he does not conform to the authority delegated to him, it is for his principal to say, when he makes report of his proceedings relative to his agency, whether it will ratify his act as such. His instructions are contained in the decree, open to the inspection of all parties interested, and if he does not follow them, certainly no one dealing with him has a right to complain if the Court should withhold its sanction when called upon to confirm his act. It is perfectly true, as has

been said, that after the trustee has put the property in the market, agreeably to the terms of the decree, and has failed to get an acceptable bid, he may dispose of it at private sale, or upon terms in other respects varying from the decree, and if no objection be made to it, after public notice given in the usual way, it will be confirmed. And it is supposed that objections of a merely capricious or arbitrary character would not be allowed to prevail. But it would seem upon principle, and it is believed to be the law of this Court, that a private sale, even after an ineffectual effort to sell publicly, is open to objection, which would not be allowed to stand in the way of a public sale. 1 *Bland*, 144; *Md. Ch. Pr.*, 146. The principle that this Court will ratify an act when done, which upon application it would have ordered to be done, has been invoked in aid of this sale, and the case of *Tyson* vs. *Mickle*, 2 *Gill*, 376, is cited, as sustaining the applicability of the principle to cases like the present.

The principle may be, and probably is, to a certain extent, applicable, but it will be found, upon an examination of the case relied upon, that the circumstances of that and the case now under consideration are widely different. In that case repeated attempts had been made to sell the property at public sale, according to the decree, and persevering, earnest, and long-continued efforts had been made by the trustees to sell at the minimum price agreed upon by the parties, which was at last accomplished, after an interval of two years and six months from the first attempt to sell at public sale. It was in reference to these circumstances that the Court of Appeals say, that if the trustees, instead of closing the bargain when they received the offer, had reported the facts to the Chancellor, and asked his permission to sell the property on the terms proposed at private sale, there can be no doubt he would have granted it; and if so, the Court will, in the absence of proof showing the inexpediency or injustice of so doing, "ratify the act done, in the same manner as if the requisite authority had been previously granted." It will be observed that even with reference to the peculiar and strong circumstances of that case, the ratification

of a private sale is far from being stated to follow as a matter of course. It will be ratified, say the Court, " in the absence of proof showing the inexpediency and injustice of so doing." So that, even when the Court has given specifically its authority to make a sale upon terms and conditions previously communicated to it, there rests upon it no absolute obligation to confirm the sale when made.

But the case now before this Court is totally unlike that of *Tyson* vs. *Mickle*. Here there was but a single effort to sell according to the decree, and in a little more than one month afterwards the private sale was made. It may be that the Court, if it had been previously applied to, would have authorized the trustee to close with the offer; but it does not follow as a matter of course that it would have done so, as was observed in *Tyson* vs. *Mickle*. There was nothing so discouraging in one fruitless effort to get an acceptable bid, as to induce the Court to catch eagerly at the first offer of the minimum price; and there can be no doubt that if an application had been made, and the exceptant had been notified of it, no such authority would have been given, because the Court would have been informed by him that a better price could be had, as clearly appears to be the case. That there was a misapprehension between Dr. Herbert and the trustee there appears to be no reason to doubt, and there is as little doubt that the sale in question was the result of that misapprehension.

Arguments have been addressed to the Court to show, on the one side, that Herbert has been guilty of negligence, in not communicating with the trustee, and on the other, that the purchaser was guilty of duplicity and bad faith, in closing the contract before the trustee could confer with Herbert. I do not propose to express any opinion with regard to these criticisms of the counsel, or to say whether, in my judgment, negligence or blame is to be imputed to these parties. Because, though Dr. Herbert may not have been vigilant in looking after his interest, there is no reason on that account for inflicting injury upon his infant children; and because there appears to me to be enough in the circumstances of this case to induce

the Court to withhold its ratification from this sale without imputing bad faith to the purchaser, which I do not mean to impute.   I do not set aside this sale because of the inadequacy of price *per se*, though I do not altogether agree with the counsel for the purchaser that inadequacy of price is no stronger objection to a private than to a public sale, when the decree directs a public sale.   Inasmuch as the price of $17 per acre would have been satisfactory at the public bidding, I should probably have been unwilling to disturb the private sale for that sum, simply because a few dollars more per acre could have been obtained for the property.   The fact, however, that more can be had for the property, is certainly a consideration, and when to this is added the circumstance that there was a misapprehension between Herbert and the trustee, it seems to me, at least in the case of a private sale, sufficient to defeat it.   It has been argued that the purchaser had nothing to do with this misapprehension, and should not be affected by it.   It is true he had not, but the agent of this Court had ; and if in consequence of such misapprehension injury is done to the parties interested in the act of the Court, through its agent, it is its duty to apply the proper remedy.

It has been likewise insisted that as the decree passed in this case was to pay a creditor, Herbert, the mortgagor, had no right to interfere with the sale one way or the other.   The answer to this is to be found in the statement in the exception, which is admitted to be true by the answer of the trustee, Mr. Latrobe, that in all matters relating to the sale, the latter advised with and consulted Herbert.   It is very certain that Herbert had no right to forbid the sale, but as the trustee, in the exercise of his discretion, had thought fit to counsel and advise with him, he cannot be regarded as intruding himself in a matter in which he had no concern, even if his relation to the case, as mortgagor, would not exempt him from any such imputation.

The principles settled by the Court of Appeals, in the case of *Johnson* vs. *Dorsey*, 7 *Gill*, 269, are inapplicable to this.   That was a public sale, in precise conformity with the terms of the decree, and I am not at all to be understood as saying that if

this had been a public sale there is anything in the objections urged against it which would induce the Court to set it aside. But when a sale is reported which was not authorized by the terms of the decree, the Court will listen to objections against it to which it would have turned its ear if the decree had been followed.

This sale then will not be ratified, because it was a private sale resulting from misapprehension between the trustee and the party with whom he advised and consulted, and because I am satisfied a better price could then, and can now be had for the property.

DOBBIN and TALBOTT, for Exceptant.
E. HAMMOND, for the Purchaser.

